**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0282n.06
Filed: April 19, 2007

No. 06-3047

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| SIDDIQ ABDUL HAMID, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

Before:  **KENNEDY, MOORE and McKEAGUE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**  Defendant-Appellant Siddiq Abdul Hamid
("Hamid"), also known as Andre Lindsay, was convicted by a jury of four drug and firearms charges.
After a prior appeal and remand for resentencing, Hamid now appeals his sentence of 230 months
in prison and four years of supervised release.  Hamid argues that his sentence was unreasonable
because 230 months is longer than necessary to comply with the purposes of 18 U.S.C. § 3553(a)
and because "the sentence imposed was not tied into or based upon the statutory factors set forth in
18 U.S.C. § 3553."  Appellant's Br. at 20.  Because the district court considered the relevant
§ 3553(a) factors, the applicable Sentencing Guidelines range, and the arguments raised by Hamid,
and because the resulting sentence was substantively reasonable, we **AFFIRM** the judgment of the
district court.

# I. BACKGROUND

We have previously summarized the underlying facts in this case:

> The defendant, Siddiq Abdul Hamid (a/k/a Andre Lindsay), was a member of a group identified in his brief as the Black Stone Rangers Street Gang. In May of 2002 Mr. Hamid and other Black Stone Rangers made plans to rob a man whom they thought would have large quantities of cocaine, marijuana, and cash. Armed with a sawed-off shotgun and several handguns, the would-be robbers drove in two cars to the house of the intended victim. He was not at home, and the robbery never took place.
>
> On their way back from the aborted robbery, Mr. Hamid and his associates were noticed by a Cleveland, Ohio, police officer who "observed two autos driving erratically in and out of traffic at a high rate of speed." The officer, Joseph Sedlak, saw that the occupants of the cars were all dressed in black. His suspicions aroused, Officer Sedlak stopped one of the vehicles, a Plymouth driven by Mr. Hamid. The Plymouth sped away when the officer got out of his cruiser. A chase ensued. The occupants of the Plymouth eventually abandoned their vehicle and escaped on foot, but one of them was apprehended later that night, as were the three occupants of the second car. Mr. Hamid was arrested subsequently and was identified as the driver of the Plymouth.

*United States v. Hamid*, 143 F. App'x 683, 685 (6th Cir. 2005). A federal jury found Hamid guilty of four charges: count one of the superseding indictment, conspiracy to possess with intent to distribute approximately three kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; count two, aiding and abetting carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(B)(i); count three, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and count seven, unlawful receipt of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. On counts one, three, and seven, the district court calculated a total offense level of 34 and determined a criminal history category of VI, yielding a Guidelines range of 262 to 327 months in prison with a five-year mandatory minimum. Count two called for a mandatory minimum sentence of 120 months in prison, to be served consecutive to the sentence for counts one, three, and seven. District Judge Paul R.

Matia noted that he thought that the statutory minimum sentence of fifteen years in prison "would be more than adequate," Joint Appendix ("J.A.") at 98 (12/10/03 Sentencing Hr'g at 11), but, operating under the pre-*Booker* mandatory-Guidelines regime, sentenced Hamid to 262 months in prison on counts one, three, and seven, in addition to the mandatory 120 months in prison on count two, for a total of 382 months in prison, the minimum sentence within the applicable Guidelines range. On appeal, we affirmed Hamid's convictions but vacated his sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *Hamid*, 143 F. App'x 683.

Judge Matia retired, and on remand, Hamid's case was reassigned to District Judge Patricia A. Gaughan for resentencing. Hamid made a number of arguments in support of a shorter sentence. Through counsel, Hamid asserted that, before trial, the government made a plea offer that would have resulted in Hamid being sentenced to sixty months in prison, but that Hamid had a "head injury which prohibited him from really understanding the full extent of the consequences of bypassing the plea agreement back in '03." J.A. at 111-12 (12/12/05 Resentencing Hr'g at 4-5). Hamid himself elaborated, explaining that he was suffering such pain that he was "afraid to be around people" and could not accept a plea agreement because he was "not going to be able to do time around people." J.A. at 117 (12/12/05 Resentencing Hr'g at 10). Through counsel, Hamid asserted that one of his codefendants received a sixty-month sentence pursuant to a plea agreement, one received an even shorter sentence, and two had the charges against them dismissed. Hamid argued in passing that he was not significantly involved in the crimes. Finally, Hamid mentioned repeatedly that Judge Matia had indicated in the initial sentencing that he would have imposed only the mandatory-minimum sentence of fifteen years had he had the discretion to do so.

After hearing from both parties, Judge Gaughan sentenced Hamid to 110 months in prison on counts one, three, and seven, in addition to the mandatory 120 months in prison on count two, for a total of 230 months in prison, fifty months longer than the mandatory minimum. Judge Gaughan noted that she had consulted the advisory Guidelines range and also noted that had Hamid not been determined to be a career offender, the Guidelines range on counts one, three, and seven would have been 110 to 137 months in prison. Judge Gaughan stated that she agreed with Judge Matia that Hamid's Guidelines range would result in "a disproportionate sentence given what the other defendants received in this case." J.A. at 121 (12/12/05 Resentencing Hr'g at 14). Judge Gaughan further reasoned that the circumstances of this case showed that Hamid's crime was a very serious offense and that the sentence imposed reflected the seriousness of the offense and would provide adequate deterrence. Finally, Judge Gaughan stated that she did not believe Hamid's explanation that he rejected a plea bargain because of the pain that he was experiencing. Hamid timely appealed.

## II. ANALYSIS

On appeal, we must determine whether a district court's sentencing determination was reasonable. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, --- U.S. ---, 126 S. Ct. 1110 (2006). Reasonableness has both substantive and procedural components, and accordingly, we consider "not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentence determination." *Id.* Hamid argues that his sentence was both procedurally and substantively unreasonable.

### A. Procedural Reasonableness

"A sentence may be procedurally unreasonable if 'the district judge fails to "consider" the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a),

4

and instead simply selects what the judge deems an appropriate sentence without such required consideration.'" *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006) (quoting *Webb*, 403 F.3d at 383). Furthermore, when "a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).

Hamid generally argues that "the resentencing District Court Judge failed to adequately explain on the record why she felt the sentence imposed was reasonable." Appellant's Br. at 21. Hamid points to two specific factors set forth in 18 U.S.C. § 3553(a) that the district court purportedly failed to take into account, arguing that the district court "did not address or account for the unique nature and circumstances of the offense and unique circumstances of Mr. Hamid," Appellant's Br. at 20; *see* 18 U.S.C. § 3553(a)(1), and "ignored the statutory factor of avoiding unwarranted sentencing disparity among similarly situated co-defendants," Appellant's Br. at 20-21; *see* 18 U.S.C. § 3553(a)(6). The resentencing transcript, however, reveals that the district court gave strong consideration to the need to avoid unwarranted sentence disparities. *See* J.A. at 121 (12/12/05 Resentencing Hr'g) (stating that the Guidelines range would provide "a disproportionate sentence given what the other defendants received in this case"). The district court also considered the nature and circumstances of the offense. *See id.* ("I have reviewed the presentence investigation report in regards to the facts surrounding this matter. I have also read in detail the Sixth Circuit opinion which gave the facts of this case and of this defendant's criminal activity."). Finally, the only characteristic of Hamid that was presented by the defense as potentially relevant was the pain that he was experiencing before and during trial. The resentencing transcript reflects that the district court

considered this characteristic, but found not credible Hamid's claim that he rejected a plea bargain because of that pain.

The resentencing transcript also reveals more generally that Hamid's sentence was procedurally reasonable because the district court considered the applicable Guidelines range, the relevant 18 U.S.C. § 3553(a) factors, and the arguments that Hamid raised. The district court first noted the applicable Guidelines range as well as the Guidelines range that would apply had Hamid not been found to be a career offender. 18 U.S.C. § 3553(a)(4). The district court stated that it "considers this to be a very serious offense" and noted that the sentence imposed would "reflect the seriousness of the offense and also provide[] adequate deterrence," J.A. at 121-22 (12/12/05 Resentencing Hr'g at 14-15), thus explicitly basing the sentence imposed on the factors set forth in 18 U.S.C. § 3553(a)(2). As explained above, the district court considered the nature and circumstances of the offense and the characteristics of the defendant, 18 U.S.C. § 3553(a)(1), as well as the need to avoid unwarranted sentence disparities, 18 U.S.C. § 3553(a)(6). Finally, the district court addressed the arguments raised and developed by Hamid: the pain he asserts that he experienced; the disparity between the applicable Guidelines range and the sentences that Hamid's codefendants received; the statements by Judge Matia at the original sentencing hearing; and the need for drug treatment. The district court did not specifically address the argument that Hamid played a relatively minor role in the crimes, but Hamid's counsel mentioned this argument only in passing and did not muster any facts in support of this claim. *See* J.A. at 113 (12/12/05 Resentencing Hr'g at 6) ("I'm not sure what exact role he played in the offenses, but certainly he was not the prime mover, so the Court can perhaps factor into a reasonable sentence a mitigating role."). Hamid has

6

not pointed to any relevant consideration that the district court did not address, and we therefore conclude that his sentence was procedurally reasonable.

## B. Substantive Reasonableness

"[A] sentence may [be] substantively unreasonable where the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'"[1] *Ferguson*, 456 F.3d at 664 (quoting *Webb*, 403 F.3d at 385) (third through sixth alterations in original). A within-Guidelines sentence is credited with a "rebuttable presumption of reasonableness," *United States v. Williams*, 436 F.3d 706, 708 (6th Cir.), *petition for cert. filed*, No. 06-5275 (Jul. 11, 2006), and it follows that when a defendant challenges a below-Guidelines sentence, that sentence is also credited with a rebuttable presumption of reasonableness, *cf. United States v. Johnson*, 445 F.3d 793, 798 (5th Cir.) (adopting a presumption of reasonableness for "statutory maximum sentences where

---

[1] In *Webb*, the case in which we first set forth the proper scope of reasonableness review post-*Booker*, we did not use the term "substantive." In *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006), we first described our holding in *Webb* as setting forth "both *substantive* and *procedural* components to our reasonableness review," *id.* at 475 n.3, but we did not set forth what each component entailed. In *Ferguson*, we first delineated which aspects of our reasonableness review, as set forth in *Webb*, are part of the procedural component and which aspects are part of the substantive component. *Ferguson*, 456 F.3d at 664. In many ways, the procedural and substantive components, as delineated by *Ferguson* and subsequent cases, appear to overlap. *Compare, e.g.*, *id.* ("A sentence may be procedurally unreasonable if 'the district judge . . . neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a) . . . .'" (quoting *Webb*, 403 F.3d at 383)), *with id.* ("[A] sentence may [be] substantively unreasonable where the district court '. . . fail[s] to consider pertinent § 3553(a) factors . . . .'" (quoting *Webb*, 403 F.3d at 385) (third alteration in original)). We are, of course, currently bound by the delineation set forth in *Ferguson* and subsequent cases, *see Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); 6th Cir. R. 206(c) ("Reported panel opinions are binding on subsequent panels."), but regardless of how the components are delineated, we are primarily bound by the requirement set forth in *Webb*, the earliest of these cases, that we consider both "the length of the sentence" and "the factors evaluated and the procedures employed by the district court in reaching its sentencing determination," *Webb*, 403 F.3d at 383.

that maximum falls below the appropriate guidelines range"), *cert. denied*, --- U.S. ---, 126 S. Ct. 2884 (2006).

Hamid argues that the sentence imposed was longer than necessary to comply with the purposes of 18 U.S.C. § 3553(a), and thus substantively unreasonable, because the district court did not give adequate weight to two factors. Most prominently, Hamid points to a statement by Judge Matia during the original sentencing hearing: "With respect to the sentencing disparity, I will agree with you that I think the sentence in this case is grossly disproportionate. And I think that a sentence that would be the statutory minimum as required would be more than adequate." J.A. at 98 (12/10/03 Sentencing Hr'g at 11). Judge Gaughan explicitly considered Judge Matia's comments during resentencing, but Hamid argues that those comments should have been given more weight and that they militated more strongly towards a statutory-minimum sentence of fifteen years in prison. Hamid focuses much of his argument on attempting to show that a fifteen-year sentence would have been reasonable, as suggested by Judge Matia. Sentencing before *Booker*, Judge Matia, of course, did not consider the factors set forth in 18 U.S.C. § 3553(a) and did not carefully decide that a fifteen-year sentence would satisfy the district court's post-*Booker* mandate. Moreover, even if we were to accept Hamid's argument that a fifteen-year sentence would have been reasonable, saying that such a sentence "'might be reasonable is not to say that the district court . . . could not have imposed a different sentence that might also have been reasonable.'" *United States v. Barnett*, 398 F.3d 516, 530 (6th Cir.) (quoting *United States v. Hughes*, 396 F.3d 374, 381 n.8 (4th Cir. 2005)), *cert. dismissed*, 545 U.S. 1163 (2005). Judge Gaughan gave significant weight to Judge Matia's comments, and Hamid has not demonstrated that her failure to give Judge Matia's comments greater weight was unreasonable.

In that same vein, Hamid argues that the district court did not give adequate weight to the disparity between the sentence that Hamid received and the sentences received by his codefendants, all of which were sixty months or less. Again, the resentencing transcript demonstrates that Judge Gaughan gave great weight to the need to avoid unwarranted sentencing disparities and to Judge Matia's comments relying on this factor, reducing Hamid's sentence from the Guidelines range of 382 to 447 months in prison to a sentence of 230 months in prison, but Hamid argues that this factor should have been given even more weight. We have previously noted that a disparity may be reasonable if "co-conspirators chose to plead guilty and cooperate with the prosecution." *United States v. Dexta*, 470 F.3d 612, 616 n.1 (6th Cir. 2006), *petition for cert. filed*, No. 06-9826 (Feb. 27, 2007). Moreover, Judge Gaughan determined that this factor was counterbalanced, at least in part, by the seriousness of the offense and the nature and circumstances of the offense. The disparity between 230 months and sixty months or less is still great and could warrant a conclusion in some circumstances that the greater sentence was unreasonable, but absent evidence that, for example, Hamid's codefendants were as or more culpable than Hamid or had as serious criminal histories as did Hamid, we conclude that the district court's sentence was substantively reasonable.

### III. CONCLUSION

Because the district court considered the relevant § 3553(a) factors, the applicable Guidelines range, and the arguments raised by Hamid, and because the resulting sentence was substantively reasonable, we **AFFIRM** the judgment of the district court.