NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0308n.06

Case No. 23-3068

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| WILLIAM SATTERFIELD, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |

FILED
Jul 17, 2024
KELLY L. STEPHENS, Clerk

Before: SILER, NALBANDIAN, and DAVIS, Circuit Judges.

NALBANDIAN, J., delivered the opinion of the court in which SILER, J., joined in full. DAVIS, J. (pp. 6–9), delivered a separate opinion concurring in part and dissenting in part.

**NALBANDIAN, Circuit Judge.** William Satterfield violated the conditions of his supervised release. After he completed a state-court sentence for possessing a firearm while under disability, the district court imposed a 20-month sentence for his supervised-release violations. Satterfield challenges his federal sentence as both procedurally and substantively unreasonable, arguing that the court did not consider the 18 U.S.C. § 3553(a) factors and gave no reasoning for its judgment. We AFFIRM.

**I.**

On August 7, 2019, following a term of imprisonment, William Satterfield commenced five years of supervised release for his federal conviction of being an armed career criminal in possession of ammunition. About twenty months into his supervised-release term, he barricaded

himself inside an apartment building with a handgun, after he was suspected in a recent shooting. For nearly two hours, a local SWAT team tried to defuse the situation. But only after Satterfield fired the gun and fell to the ground could officers take him into custody. A state court then convicted Satterfield of having a weapon while under disability and sentenced him to 18 months' imprisonment with two years of parole. Satterfield was released into federal custody after finishing his state sentence.

He was charged with four supervised-release violations: two for new state crimes, one for possessing a firearm, and one for missing mandatory appointments. Satterfield's Supervised Release Violation Report ("SRVR") calculated a Guidelines range of 18 to 24 months, recommending 20. The SRVR concluded that Satterfield was "not amenable to supervised release" because he did "not respect the conditions of supervised release ordered by the Court or the law," explaining how a 20-month sentence tracks the § 3553(a) factors. SRVR, pp. 5–6.

At the revocation hearing, the court discussed the substance of Satterfield's supervised-release violations and cited the SRVR before imposing a 20-month sentence. The district court did not ask if either party objected. Satterfield timely appealed, challenging his sentence as both procedurally and substantively unreasonable.

## II.

We review sentences following the revocation of supervised release "under the same abuse of discretion standard that we apply to sentences imposed following conviction." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). And when the district court doesn't ask the *Bostic* question, we stick with abuse of discretion, instead of plain error. *United States v. Ross*, 703 F.3d 856, 883–84 (6th Cir. 2012) (citing *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004)).

**A.**

Satterfield argues that his sentence is procedurally unreasonable, claiming that "the district court never mentioned the 18 U.S.C. § 3553(a) sentencing factors and did not provide any reasoning or basis for its sentence orally on the record or otherwise." Appellant Br. at 8.

To render a procedurally reasonable sentence, the district court must consider the relevant § 3553(a) factors and adequately explain its reasoning. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). And the court must also "consider all non-frivolous arguments in support of a lower sentence." *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010).

While the district court need not "engage in a ritualistic incantation to establish consideration of a legal issue" or "make specific findings related to each of the factors considered," it must articulate the reasons supporting its sentence. *Bolds*, 511 F.3d at 580 (internal quotation marks omitted). On appeal, we review whether the "context and the record make clear" that the court had a "reasoned basis" for its conclusion. *Rita v. United States*, 551 U.S. 338, 356, 359 (2007).

The court need not give "the reasons for rejecting any and all arguments by the parties for alternative sentences" or "the specific reason" for a within-Guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc). The record need only show that the judge "'listened to each argument,' 'considered the supporting evidence,' was 'fully aware' of the defendant's circumstances and took 'them into account' in sentencing him." *Id.* (quoting *Rita*, 551 U.S. at 358).

Here, the district court, who had sentenced Satterfield originally, expressly referenced Satterfield's criminal history when declining to grant bond. Later, at the hearing, the court stated

the Guidelines range and discussed Satterfield's criminal history in more detail. The judge acknowledged Satterfield's letter asking for lenience and even mentioned Satterfield's "heart ailment" and a "medical treatment facility where they can help him." R. 62, Sent. Hr'g, p. 11, PageID 198.

And the district court expressly followed the SRVR's recommendation, which explicitly applied the § 3553(a) factors. *See United States v. Hamid*, 227 F. App'x 475, 478 (6th Cir. 2007) (taking the district court's statement, "I have reviewed the presentence investigation report in regards to the facts surrounding this matter," to show it considered "the nature and circumstances of the offense"). The SRVR further noted that the similarities between Satterfield's violation conduct and his original offense were "concerning," SRVR, p. 5, indicating "that the court considered the original offense," *see United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011). Thus, "[t]he record in the present case reflects the court's consideration of [Satterfield]'s SRVR and several of the applicable § 3553(a) sentencing factors." *United States v. Polihonki*, 543 F.3d 318, 324 (6th Cir. 2008).

Satterfield's attorney vaguely suggested that he "can make an analogy to 5K2.11, which basically talks about lesser harms" and that "we could possibly do a Grade C violation if we could, you know, negotiate that type of compromise." R. 62, pp. 8–9, PageID 195–96. But "a sentencing court need not address vague suggestions in favor of a lower sentence." *United States v. Judge*, 649 F.3d 453, 460 (6th Cir. 2011) (internal quotation marks omitted). And counsel's statement, "I would just say that maybe somewhere in the 13-to-12-month range would be more appropriate for this situation," R. 62, p. 9, PageID 196, "does not rise to even that minimal level of argument, [so] the district court committed no error" by declining to respond, *Judge*, 649 F.3d at 460.

Satterfield's sentence is procedurally reasonable.

**B.**

Satterfield also claims that the district court failed to properly balance the § 3553(a) factors, resulting in a substantively unreasonable sentence. To be substantively reasonable, a sentence must be "reasonable in light of the § 3553(a) factors." *United States v. Gardner*, 32 F.4th 504, 530 (6th Cir. 2022). A within-Guidelines sentence is presumed substantively reasonable, *see United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), but "a defendant can rebut this presumption if a district court chose a sentence arbitrarily, ignored pertinent § 3553(a) factors, or gave unreasonable weight to any single factor," *United States v. Messer*, 71 F.4th 452, 462 (6th Cir. 2023).

Satterfield argues that his completed state-court sentence supports a lower federal sentence. But this court has held, "the *sanction* for failing to abide by conditions of supervised release is to be distinguished from the imposition of an appropriate *punishment* for any new criminal conduct." *Johnson*, 640 F.3d at 203 (internal quotation marks omitted). So Satterfield's supervised-release violations are separate from his state conviction. The district court did not err by giving them their own punishment.

More generally, Satterfield argues that the district court should have given more weight to the circumstances of his violations. But declining to use Satterfield's preferred weighing is no abuse of discretion. *See United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). His own attorney requested an 18-month sentence—only two months below what the court ultimately gave, which it based on the SRVR's § 3553(a) assessment. Thus, Satterfield has not overcome the presumption that his within-Guidelines sentence is substantively reasonable.

**III.**

For the reasons set forth above, we AFFIRM Satterfield's sentence.

**DAVIS, Circuit Judge, concurring in part and dissenting in part.** As an initial matter, I agree and fully concur with the majority's analysis and conclusion on the issue of substantive reasonableness. On the question of procedural reasonableness, however, I would remand to the district court. I, therefore, respectfully dissent in part.

Procedural reasonableness concerns itself with a sentencing court's method for arriving at a sentence and includes the requirement that it explain its reasoning. Indeed, "[a] public statement of [the court's] reasons helps provide the public with assurance that creates . . . trust." *Rita v. United States*, 551 U.S. 338, 356 (2007). When a sentencing court imposes a within-Guidelines sentence, an exhaustive statement of its reasoning may be unnecessary, but virtual silence will ordinarily not do. That said, we must look to context and the record where words of explanation are few. But here, the context and record before us sheds insufficient light on the district court's consideration of sentencing issues.

18 U.S.C. § 3553(c) requires sentencing courts to state their reasons for imposing a given sentence. The Supreme Court in *Rita* teaches us that the sentencing court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* And while circumstances sometimes make clear that the sentencing court views the case before it as a typical case to which the Sentencing Commission's reasoning—as reflected by the Sentencing Guidelines—should apply, when a defendant raises a "nonfrivolous reason[] for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments." *Id.* at 357. That is not to say the court is required to give the "reasons for rejecting any and all arguments by the parties for alternative sentences" or the "specific reason" for within-Guidelines sentences. *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc). But the record must make clear that

6

the judge "'listened to each argument,' 'considered the supporting evidence,' was 'fully aware' of the defendant's circumstances and took 'them into account' in sentencing him." *Id.* (quoting *Rita*, 551 U.S. at 358).

We explored this imperative in *Vonner*, where we were satisfied that the record sufficiently illuminated the sentencing court's reasoning in a case involving fairly straightforward issues. Unlike here, the sentencing court in *Vonner* mentioned the § 3553(a) factors that were directly relevant to the defendant and acknowledged on the record his pleas for leniency as well as his argument concerning his cooperation with the government. While the court did not speak extensively about these topics, its acknowledgment on the record demonstrated the court's appreciation of "the nature and circumstances of the offense." *Id*. at 390. The court also indicated that it understood the defendant's explanation that he was selling drugs as a means for survival after his incarceration—demonstrating the court's cognizance of the defendant's "history and characteristics." *Id*. Together, these acknowledgments were enough to assure us that the "record" and the "context" of the hearing demonstrated reasoned consideration of § 3553(a) and the parties' arguments. *Id.*; *see also Rita*, 551 U.S. at 359.

Here, the district court declined to offer any direct reasoning for its sentence and declined to engage or otherwise address Satterfield's leniency arguments, thereby hampering any "meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007). After the district court heard from Satterfield and his attorney regarding the barricaded-gunman incident and "anything . . . in anticipation of or mitigation of a potential sentence," (R. 62, PageID 193), it neither acknowledged these arguments nor gave any indication of their impact, if any, on its reasoning. *See United States v. Thomas-Mathews*, 81 F.4th 530, 546 (6th Cir. 2023) (quoting *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010) ("[T]his Court has vacated sentences

even on plain error review if the district court is 'non-responsive to a non-frivolous argument' at sentencing.") (cleaned up). Satterfield did not present the most robust case for leniency. He did, however, present at least one non-frivolous argument supporting a potential below-guidelines sentence. Invoking U.S.S.G. § 5K2.11 Lesser Harms (Policy Statement), Satterfield asserted that the conduct underlying his supervised release violations stemmed from his actions in self-defense. (R. 62, PageID 195 ("[Satterfield] was basically trying to save himself basically from three people who tried to do further harm to him.")). The lesser harms policy statement provides in pertinent part:

> "Sometimes, a defendant may commit a crime in order to avoid a perceived greater harm. In such instances, a reduced sentence may be appropriate, provided that the circumstances significantly diminish society's interest in punishing the conduct . . . ."

U.S.S.G. § 5K2.11. Given the underlying context of the gun violation—Satterfield was acquitted of the most serious state court charges[1] after asserting there, as he did at his federal sentencing, that three individuals tried to rob him and at least one shot at him during the ensuing melee—this argument is at least plausible and warranted acknowledgment from the court. While the sentencing court is not required to respond to any and all arguments, it must at least show its *consideration* of them. *Vonner*, 516 F.3d at 387; *see also United States v. Morris*, 71 F.4th 475, 483 (6th Cir. 2023) ("To the extent that the court hides its reasoning or requires us to ponder and speculate, the more likely we are to find procedural unreasonableness in the court's sentencing determination.") (citations omitted). The majority accurately points out that the violation report rested its sentencing recommendation on its analysis of the § 3553(a) factors and the Sentencing Guidelines, and the district court followed the report's sentencing recommendation. But the violation report

---

[1] Satterfield was acquitted on three of four counts in state court: two counts of felonious assault with specification and one count of improperly discharging a firearm at or into a habitation with specifications.

8

had no occasion to address Satterfield's § 5K2.11 argument, which, despite its tepid development, raised an issue that was less than straightforward. Importantly, "regardless of whether [a sentence] is within or outside of the Guidelines," the district court "must provide a clear explanation of why it has either accepted or rejected the parties' arguments and thereby chosen the particular sentence imposed." *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) (citing *Gall*, 552 U.S. at 38). The record as it stands simply does not illuminate the judge's consideration of the argument.

It is not that the district court needed to write or speak at length. But since this court's review for procedural reasonableness consistently starts from the sentencing judge's reasoning and consideration of the Sentencing Guidelines and the § 3553(a) factors as a guiding point, non-frivolous arguments raised in their context should be addressed. *See Wallace*, 597 F.3d at 803–06.

One final observation: it may be that even if this court were to remand this case, the district court would reach the same sentencing decision. No matter. When the sentencing judge articulates its reasoning, even briefly, "it assures reviewing courts and the public," *Rita*, 551 U.S. at 357 (cleaned up), that the sentencing process is not only reasonable but promotes the principles of "certainty and fairness," *id.* at 348. Here, the district court's sentencing is not one that "allow[s] for meaningful appellate review." *Gall*, 552 U.S. at 50. Thus, I respectfully maintain that the command for procedural reasonableness required more explanation or evidence from the record of the court's consideration of Satterfield's non-frivolous argument.