NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0019n.06

Case No. 07-1689

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 12, 2010**

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| JEFFREY DUMAS, | ) DISTRICT OF MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| _____ | ) |

BEFORE:  BATCHELDER, Chief Judge; DAUGHTREY, Circuit Judge; and
VAN TATENHOVE[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge.  Jeffrey Dumas appeals his sentence for conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and for distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2.  Specifically, Dumas argues that the district court did not adequately explain the sentence it imposed.  We disagree and AFFIRM.

**I.**

Following his arrest for selling 43 grams of crack cocaine to an undercover police officer, Dumas pled guilty to distributing and conspiring to distribute more than five grams, but less than fifty grams, of cocaine base.  At his sentencing hearing, Dumas's counsel, when asked whether he

_____

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

had any additions or corrections to the PSR, responded, "No, sir." Further, he admitted that the presence investigation report ("PSR") prepared by the United States Probation Office correctly calculated his Sentencing Guidelines range at 292 to 365 months' imprisonment. Even so, he argued: (1) the court should give "significant consideration" to the discrepancy between crack and powder cocaine under the Guidelines; (2) the Guidelines range — though technically correct — overstated his criminal history; and (3) he had accepted responsibility and had taken steps to better himself, such as attending college. These mitigating considerations, Dumas contended, called for a sentence no greater than the ten-year statutory minimum.

> Before announcing sentence, the district court stated:
>
> It's reasonably apparent to me, Mr. Dumas, in reviewing the materials that there are people who do love you and who have stayed with you. But it's simple, you're going to have to return that. You're a 36 year old man and notwithstanding what I view to be your potential, you're also here on your seventh and eighth felony convictions that involve drugs, significant drug trafficking, and weapons.
>
> And I do agree that the nature of the sentence you face is significant. I hope, I hope, today that in imposing this sentence that once it's served, you will return both the love and respect so many of your other family members have shown you by their conduct.
>
> The court has given careful attention not only to the sentencing guidelines pursuant to the Sentencing Reform Act, but also the statutory considerations that are included in the Title 18 Section 3553(a).

The court then imposed a sentence of 360 months' imprisonment on each count, to run concurrently.

## II.

Generally, we review the district court's sentencing decisions under an abuse-of-discretion standard, for reasonableness. *United States v. Bates*, 552 F.3d 472, 476 (6th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, ___, 128 S.Ct. 586, 594 (2007)). This standard applies to the question

2

of whether the court has articulated a sufficient explanation for its chosen sentence. *Gall*, 552 U.S. at ___, 128 S.Ct. at 597. But when the district court, "after announcing a proposed sentence, 'ask[s] the parties whether they have any objections to the sentence . . . that have not previously been raised[,]'" we apply plain-error review to those arguments not preserved by the relevant party at that opportunity. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) (quoting *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004)).

Here, after announcing its proposed sentence, the district court asked defense counsel if he had "any questions or objections to the sentence imposed by the court." Counsel responded:

> Your Honor, the defense respectfully objects to it making reference to the guidelines themselves and the discrepancy between the drugs and powder. As far as the imposition of this sentence itself . . . there are no objections to your sentence as you imposed it, but I object to the fact that it was even possible for the court to impose such a sentence. I challenge these guidelines as inappropriate.

Counsel did not suggest that the court's explanation of its sentence was inadequate in any respect. Therefore, under *Bostic*, Dumas must show that the district court committed "(1) error (2) that was 'obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir.2006)). "'[O]nly in exceptional circumstances' will we find such error — only, we have said, 'where the error is so plain that the trial judge . . . [was] derelict in countenancing it.'" *Id.*

No exceptional circumstances are present in this case. True, the court did not go into great detail in addressing any of Dumas's arguments for leniency. District courts, however, "may exercise discretion in determining how much of an explanation of the sentence is required because 'the amount of reasoning required varies according to context.'" *United States v. Jeross*, 521 F.3d 562,

3

582–83 (6th Cir. 2008) (quoting *United States v. Liou*, 491 F.3d 334, 338 (6th Cir. 2007)). Although the court's acknowledgment that Dumas's sentence was "significant" and that he had "potential" was brief, Dumas's corresponding arguments that his sentence was greater than necessary and that he had accepted responsibility similarly were given short shrift in defense counsel's allocution.

Arguing that Dumas had accepted responsibility, defense counsel stated:

> Mr. Dumas, from the very first day in discussions with counsel accepted responsibility, even on the date of trial, given the fact that this young man was looking at a mandatory life. I just want to point out that the only reason it got that far was because of the differences between the amounts of the drugs in the original count 1 and count 2.
>
> ***
>
> So I want the court to consider that and also to consider that in this case, although the liability is the same, my client was going to college in 2004 . . . .
>
> ***
>
> You looked at the report, there's some positive things in it. It's in your hands. I simply would ask the court to give the defendant the benefit of the acceptance of responsibility . . . .

Thus, Dumas's arguments amounted to his making the bare assertion that he had accepted responsibility and to pointing out that he had taken some college courses and that there were "some positive things" in the presentence report. In light of such scanty argumentation, we cannot say that the court plainly erred in not expounding on why such factors did not merit a lesser sentence.

Likewise, defense counsel gave short shrift to explaining why the Guidelines sentence was greater than necessary. He admitted that the PSR correctly counted Dumas's prior offenses in calculating the Guidelines range; he simply objected that the range was too severe:

> Without making an editorial comment, without being critical, I as counsel simply want to say that a ten year sentence is an extraordinary sanction. And the

4

sentence is calculated regarding his criminal history points, they go beyond the career offender. It's just mind boggling to me, and I argue and I place our objections on this record if the court were to impose a sentence other than the ten year sentence. Just so that's noted on the record.

I just think that they're just out of line. And I think you have an option, you have discretion.

The court "agree[d] that the nature of the sentence . . . is significant," but nonetheless decided to impose it in light of Dumas's lengthy history of drug and weapons violations. The court thus indicated that it had considered and rejected Dumas's argument; moreover, in citing Dumas's lengthy criminal background,[1] the court offered a concrete explanation of why a significant sentence was warranted — in contrast to Dumas's nebulous contention that the Guidelines range was "extraordinary" and "mind boggling."

Finally, although the court did not specifically address Dumas's "respectful[] object[ion] . . . to the . . . discrepancy between the drugs and powder" and his request that the court give "significant consideration" to the disparate treatment of crack and powder cocaine under the Guidelines, the court's failure to do so does not amount to plain error. As we have noted before, "[a]lthough Congress requires a court to give 'the reasons' for its sentence, 18 U.S.C. § 3553(c), it does not say that courts must give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387. A district court's flexibility in determining whether or how to respond to a particular argument "is particularly relevant when the district court agrees with the Sentencing Commission's recommendations." *Id.* "'[W]hen a judge decides simply to apply the

---

[1]In his brief on appeal, Dumas objects to the district court's rendition of his criminal history. In stating that Dumas was facing his "seventh and eighth felony convictions that involve[d] drugs, significant drug trafficking, and weapons," the court technically misstated Dumas's criminal history. Dumas did in fact have six prior convictions, but one of those was unrelated to drug trafficking or weapons. But, as we have already noted, at sentencing, Dumas's counsel admitted that the PSR correctly counted Dumas's prior offenses in calculating the Guidelines range and expressly denied having any objection to the calculation of the sentence.

Guidelines to a particular case, doing so will not necessarily require lengthy explanation' because '[c]ircumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case.'" *Id.* (quoting *United States v. Rita*, 551 U.S. ___, 127 S.Ct. 2456, 2468 (2007)) (alterations in original).

Here, the district court stated that it had given "careful attention" to the Sentencing Guidelines, and it imposed a sentence within the applicable Guidelines range. Although the Supreme Court has held that a sentencing court may use its discretion to depart from the crack guidelines based upon a policy disagreement with the Guidelines — even in the mine-run case, *Spears v. United States*, ___ U.S. ___, 129 S.Ct. 840, 843-44 (2009), the Court has never held that a sentencing court must explicitly state why it has decided to stick with the Guidelines' recommendation. Moreover, "[w]e do not require that a district court explicitly state that it is aware of its discretion" to impose a below-Guidelines sentence. *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008) (citing *United States v. Puckett*, 422 F.3d 340, 346 (6th Cir. 2005)). "Rather, we presume that the district court understood its discretion, absent clear evidence to the contrary." *Id.* (citing *United States v. Crouch*, 288 F.3d 907, 910 (6th Cir.2002)).

There is no such "clear evidence" here. Not only did Dumas not argue that his situation was "outside the heartland," he acknowledged that he could not "articulate reasons for a deviation." Further, he made only a passing reference to the fact that "our United States Sentencing Commission is considering that ratio, that crack ratio that we have discussed for so long." He therefore asked the court to give "significant consideration to these numbers." And this request was not even made in conjunction with his objection "to the fact that it was even possible for the court to impose such a

6

sentence." Indeed, that statement indicates that Dumas objected to the fact that the court enjoyed the discretion to impose such a harsh sentence — not that the court failed to recognize its discretion to impose a lesser sentence. Because Dumas offered only a vague suggestion that the unfairness of the "crack ratio" called for a lesser sentence, the district court did not plainly err by imposing a within-Guidelines sentence without further explanation.

Finally, assuming without deciding that defense counsel's vague objection regarding the crack-powder disparity could be read as sufficiently specific for the purposes of *Vonner* and *Bostic* to trigger review under the abuse of discretion standard, and sufficiently clear a reference to the district court's discretion under *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009) to "disagree with the 100:1 ratio as implicitly incorporated in U.S.S.G. § 4B1:1," we hold that the same facts outlined above under the plain error standard are sufficient to demonstrate that the district court did not abuse its discretion by imposing a within-Guidelines sentence without further explanation.

**III.**

Accordingly, we **AFFIRM** the district court's judgment and sentence.