**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0105n.06

**No. 08-1399**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 11, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| DEREK PHOENIX, | ) | District of Michigan |
| | ) | |
| Defendants-Appellant. | ) | |

Before:        BOGGS and COOK, Circuit Judges; and CARR, District Judge.[*]

PER CURIAM.  Derek Phoenix appeals his prison sentence of 215 months, which the district court imposed after Phoenix pled guilty to distributing cocaine base, in violation of 21 U.S.C. § 841. He challenges the procedural and substantive reasonableness of his sentence on the ground that the district court did not respond to his remarks about the crack/cocaine sentencing disparity and his status as a career offender.  Because we find no reversible error, we affirm.

**I**

Phoenix sold small quantities of crack cocaine to a government informant in May and June 2007.  After obtaining a search warrant, police found drugs and several firearms (including an assault

_____

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

rifle) at his residence. In July 2007, a grand jury returned an indictment charging Phoenix with two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Phoenix pled guilty to Count Two of the indictment (distribution of cocaine base, in violation of 21 U.S.C. § 841) on November 28, 2007. In the plea agreement, the parties stipulated to the facts underlying all three charges of the indictment, as well as the seizure of 0.56 grams of cocaine base and 388.81 grams of marijuana at Phoenix's residence. The plea agreement also contained an appeal waiver provision: "If the sentence imposed falls within the guideline range . . . defendant waives any right to appeal his conviction."

In his plea agreement, the government calculated his offense level as 24, with a criminal history category of III. Because Phoenix accepted responsibility, there was a 3-level reduction, bringing Phoenix to a total offense level of 21. Under the 2007 Guidelines, this calculation would have resulted in a sentencing range of 46-57 months. Because he had a prior drug felony and a prior violent felony, however, Phoenix qualified as a career offender. Under the United States Sentencing Guidelines § 4B1.1, a career offender's offense level is determined by the maximum sentence of the instant offense. Because Phoenix was held responsible for a small quantity of crack and had a prior drug felony, his statutory maximum penalty was thirty years. 18 U.S.C. § 841(b)(1)(C). Thus, his offense level became 34, with a criminal history category of VI. After a three-level reduction for acceptance of responsibility, the government calculated his Guidelines range as 188-235 months. After the district court accepted Phoenix's guilty plea, the Probation Department prepared a presentence report (PSR), which arrived at the same 188-235 month range. The PSR found no aggravating or mitigating factors that would warrant a departure.

No. 08-1399
*United States v. Phoenix*

Phoenix was sentenced on March 19, 2008. At the hearing, defense counsel commented on Phoenix's relative youth, the fact that—despite his substantial criminal history—he had never been subject to severe punishment, and mentioned that his Guidelines sentence was lengthier than necessary because of the crack/cocaine disparity. On this last subject, defense counsel said:

> . . . because of the, I'll call it anomalies in the guideline scoring of crack cocaine, that works out to be 51.06 kilograms of marijuana because there was 3.81 grams of crack cocaine.
> What we have here is a man . . . who is a minor crack dealer.
> . . . .
> [T]he career offender designation triples the crack guidelines, it triples if not quadruples the guidelines. Surely a multiplier based on the fact it's crack cocaine then a multiplier based on the fact that it's a career offender.

In concluding, Phoenix's counsel said, "He's going to have a long long time. I would suggest to the court the 235 end of it is almost 20 years and I just don't view that as being a sentence that's necessary. The court then heard from the prosecutor, who emphasized Phoenix's criminal history. After listening to both sides, the court expressed its concerns about Phoenix's record, and the fact that his prior punishment had been so lenient. The court explained:

> . . . for each of the earlier offenses in the gentleman's life, it may have created a false expectation about the tolerance of the criminal justice system for misconduct.
> . . . .
> And altogether too often we see criminal defendants here who have . . . received extensive lenient treatment . . . only to be flabbergasted by the consequences that follow the federal criminal justice system. . . . [Phoenix] arrives here on his fourth felony conviction. . . .
> I agree that this is not a circumstance where we necessarily needs [sic] to meet the high end of the guidelines, but clearly we should be at the midpoint.
> This gentleman's criminal history record reflects continuous inability to discontinue his criminal misconduct . . . . And, at best, reflects a risk to community safety.

The court also briefly recognized its discretion to deviate from the Guidelines and noted that "I've given separate consideration" to the 18 U.S.C. § 3553(a) factors. The court then imposed a sentence of 215 months of imprisonment—in the middle part of Phoenix's 188-235 month Guidelines range. Phoenix timely appealed.

## II

As a general rule, we review all sentences under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). When a party fails to object to a procedural defect, we review claims of procedural unreasonableness for plain error. *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). We review de novo the question of whether a defendant waived his right to appeal his sentence in a plea agreement. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005).

### A. Whether the appeal waiver bars review

"When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) (citation and quotation marks omitted) (alteration in original). However, we have recognized that, "the government can forfeit a waiver argument by failing to raise it in a timely fashion." *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998). Because the government has conceded that the appeal waiver is invalid in the

circumstances of this case, we deem the argument waived and consider the merits of Phoenix's

appeal.

**B. Whether Phoenix's sentence is unreasonable**

Phoenix does not raise any argument that the district court did not fully consider his

arguments regarding his youth or the fact that his prior lenient punishments had given him an inflated

sense of the law's tolerance for drug dealing. On appeal, he argues only that his sentence was

unreasonable because the court did not address his statements regarding the crack/cocaine sentencing

disparity and that, combined with the career-offender provision, that disparity leads to a sentence that

is longer than necessary.[1]

*1. Whether the sentence is procedurally unreasonable*

"[F]ailing to calculate (or improperly calculating) the Guidelines range, treating the

Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence

based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an

---

[1]The government expressed some incredulity at oral argument as to why the crack/cocaine argument was being raised at all because Phoenix was sentenced as a career offender in accordance with USSG § 4B1.1(b). We note that district courts have authority to consider the crack/cocaine sentencing disparity and vary accordingly, even in sentencing career offenders, *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009); *see also United States v. Corner*, 598 F.3d 411 (7th Cir. 2010) (en banc) (reversing an earlier holding that *Kimbrough* did not apply to § 4B1.1(b), in light of general consensus to the contrary). However, in this case, the government is correct. Phoenix's offense level was set at 34 because the statutory maximum for his crime was thirty years. *See* 18 U.S.C. § 841(b)(1)(C). Because that penalty provision makes no distinction between crack and cocaine quantities, the controversial sentencing disparity between crack and cocaine was not relevant to his Guidelines range. However, the district court was free to vary categorically based on any other policy disagreements. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 583–84 (6th Cir. 2009).

explanation for any deviation from the Guidelines range" will cause a sentence to be procedurally unreasonable. *United States v. Camacho-Arellano*, 614 F.3d 244, 246–247 (6th Cir. 2010) (second alteration in original) (quoting *Gall*, 552 U.S. at 51). Phoenix argues that his sentence is procedurally unreasonable because the district court did not adequately explain its reasons for rejecting his argument that the scoring of crack/cocaine, combined with his designation as a career offender, produced a sentence greater than necessary to achieve the goals of sentencing.

In making this argument, Phoenix faces a considerable challenge because he must show that the district court committed plain error rather than merely an abuse of discretion. Under our decision in *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), if a defendant is given a fair opportunity to object to his sentence and fails to do so, plain error review applies on appeal. Although there is some leeway in the exact phrasing, *Bostic* directs courts to "ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." 371 F.3d at 872. In this case, the court asked, "[defense counsel], any objections or questions concerning the terms of the sentence imposed?" This statement is sufficient under *Bostic*.[2]

To establish plain error, a defendant must show: "(1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Vonner*, 516 F.3d at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). We have noted how difficult it is for defendants to

---

[2]We held that a similar instruction, "any specific objections that you would make to the sentence imposed?" warranted plain error review under *Bostic*. *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

meet the standard for plain error, finding such error only "where the error is so plain that the trial judge . . . [was] derelict in countenancing it." *Ibid.* (alterations in original) (quoting *Gardiner*, 463 F.3d at 459).

In this case, even if the district court erred, that error was not "obvious or clear" because defense counsel's remarks could reasonably appear to ask for a within-Guidelines sentence. Phoenix's counsel was never explicit about whether he was asking for a variance or simply for leniency within the Guidelines. He stated, "the guidelines are the guidelines, I understand, but they are just that, they're guidelines," and also, "[i]n this sentence . . . I could ask the court to consider going less." Although these statements could have suggested that Phoenix was asking for a variance, his concluding remark entirely undermines that inference: "I would just suggest to the court the 235 end of it is almost 20 years and I just don't view that as being a sentence that's necessary." These few remarks have been repackaged on appeal as an argument for a categorical variance, but we must consider their presentation in the district court. Considering the totality of the transcript, the district court could reasonably have interpreted Phoenix's request as one for mere leniency. In that sense, Phoenix's counsel was successful. The court noted, "I agree that this is not a circumstance where we necessarily needs [sic] to meet the high end of the guidelines." Therefore, if the district court erred, it was not plain.

To the extent Phoenix makes the more specific claim that the district court failed to address his argument that the career-offender provision rendered his sentence greater than necessary considering the relatively minor nature of his criminal history, we hold that the court was sufficiently responsive. The district court noted that Phoenix had committed three prior felonies, that he was on

probation for all of them at the time of his offense, and the presence of weapons in conjunction with at least one of his drug deals. The court concluded that Phoenix had shown a "continuous inability to discontinue his criminal conduct . . . . And, at best, reflects a risk to community safety." These remarks reflect an understanding of Phoenix's history and, correspondingly, the extent to which the Guidelines sentence was necessary. Thus, as we have often noted, "although the district court in this case might have said more, the law does not require it." *United States v. Petrus*, 588 F.3d 347, 356 (6th Cir. 2009) (internal citation and quotation marks omitted).

*2. Whether the sentence is substantively reasonable*

A defendant need not object to the substantive reasonableness of his sentence in order to preserve it for appeal. Thus, we review this claim for an abuse of discretion. *United States v. Wettstain*, 618 F.3d 577, 591 (6th Cir. 2010). We will consider a sentence substantively unreasonable where the court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Gunter*, 620 F.3d 642, 647 (6th Cir. 2010) (alterations in original).

We apply a presumption that a sentence inside the guidelines range is reasonable. *Vonner*, 516 F.3d at 389. On appeal, Phoenix asserts only that he barely qualified as a career offender. However, his long criminal history supports an inference that his risk of recidivism is very high. Phoenix does not appear to possess any mitigating § 3553(a) factors that the district court did not

consider, nor can he show that the court gave an unreasonable amount of weight to his criminal history.  On balance, therefore, we cannot say that his sentence is substantively unreasonable.[3]

### III

Phoenix's sentence is procedurally and substantively reasonable.  We therefore **AFFIRM** the district court's sentence.

---

[3]To some extent this case is before this court due to the alleged inadequacy of the sentencing judge's explanation of the reasons underlying the sentence.  We note that the responsibility for ensuring the adequacy of the judicial statement of reasons rests not just with the judge, but with counsel as well.  Government counsel plays an especially important role at this point, as its in his or her interest to avoid an unnecessary appeal.

Counsel for the defendant likewise has an obligation to his client to make certain that the judge informs the client fully as to the reasons for the particular sentence.  To be sure, the statement of reasons is an aid to appellate review.  But much more importantly, it tells the defendant and the public just why, in the view of the sentencing judge, the defendant is receiving the sentence that the judge is pronouncing.  If counsel do their job, the judge will be certain to do his or hers.