**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0434n.06

No. 14-5880

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 10, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARVIN WALLS, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE: ROGERS and McKEAGUE, Circuit Judges; SARGUS, District Judge.***

**PER CURIAM.** On appeal, Defendant Marvin Walls challenges the procedural reasonableness of his below-guidelines sentence. He alleges the district court failed to adequately explain why it sentenced Walls to a longer term of imprisonment than one of his codefendants. For the reasons below, we affirm.

In November 2012, Walls participated in a series of armed robberies at Family Dollar stores in Memphis, Tennessee. According to the plea agreement, Walls robbed two of the stores at gunpoint, firing a shot into the ceiling of one store, and was attempting to rob a third store, also at gunpoint, when the police arrived and Walls was apprehended fleeing the store. The police later arrested Skylar Christian, who had served as Walls's getaway driver during the robberies.[1] Walls and Christian both reached separate plea agreements with the Government. As

---

* The Honorable Edward A. Sargus, Jr., Chief United States District Judge for the Southern District of Ohio, sitting by designation.

a result, Walls pled guilty to three counts of robbery or attempted robbery and one count of using a firearm during a crime of violence, while Christian pled guilty to a single count of attempted robbery. Christian was sentenced to 36 months and Walls received an aggregate sentence of 144 months: concurrent, below-guidelines sentences of 60 months on the robbery counts and the statutory minimum of a consecutive 84 months on the firearm count.

"Sentences are generally reviewed for an abuse of discretion, but where a defendant asserts a procedural error on appeal that was not raised below when prompted by the district court in accordance with *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), [the court's] review is limited to determining whether the sentencing court committed plain error." *United States v. Judge*, 649 F.3d 453, 457 (6th Cir. 2011). Because the district court asked Walls after sentencing if he had any objections to the sentence imposed and Walls responded that he did not, we review Walls' sentence for plain error. Plain error requires the defendant to "show (1) error, (2) that was obvious or clear, (3) that affected the defendant's substantial rights[,] and (4) that affected the fairness, integrity, or public reputation of the proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

Walls argues the district court failed to adequately explain why it gave him a sentence longer than Christian's. This argument fails because the district court clearly responded to Walls' sentencing-disparity argument before sentencing Walls. The district court's response suggested that Christian was sentenced differently from Walls because their circumstances were different—from their differing roles in the robberies to the differing counts (in number and in gravity) of which they were convicted. As the district court explained:

---

[1] Though a third codefendant, Tony Downey, was also convicted and sentenced, Walls's appeal concerns only the alleged disparity between his sentence and the sentence that Christian received.

> I'm mindful of the sentence that Mr. Christian got and the sentence I'm about to impose. You know, I – I, as I said, I'm fully mindful of his sentence and why he got that sentence, the offense that he changed his plea to, the facts, the way that Mr. Christian was involved, the strengths, and weaknesses of course of cases I take into account.

(R. 139, Page ID # 285–86.)

Moreover, the district court actually gave Walls the downward variance he had requested. (*See id.* at Page ID # 266–67.) Though Walls faced a guidelines range of 70 to 87 months on each of the robbery counts, the district court imposed a below-guidelines sentence of 60 months on each. The district court properly calculated the applicable guidelines range, weighed the relevant 18 U.S.C. § 3553(a) factors and, by acknowledging the sentence Christian received as well as the factors that led to the sentence, the district court demonstrated that it had taken Walls' sentencing-disparity argument into account. That is all this court demands. *See United States v. Petrus*, 588 F.3d 347, 355 (6th Cir. 2009) (sufficient that district court considered the parties' arguments and has a reasoned basis for the sentence imposed) (quotation omitted). Though the district court's explanation could have been more thorough, the explanation it provided was sufficient. Any error in providing the explanation was neither plain nor obvious.

For the foregoing reasons, the sentence imposed by the district court is hereby AFFIRMED.