NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0558n.06

No. 14-1769

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 07, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WALTER J. NUNLEY, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    DAUGHTREY, GIBBONS, and GRIFFIN, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.    Defendant Walter Nunley was charged in a multi-count indictment with conspiracy to steal, transport, and sell six motor homes in interstate commerce, in violation of 18 U.S.C. §§ 2312 and 2314; conspiracy to engage in money-laundering involving the proceeds of the interstate-transportation offenses, in violation of 18 U.S.C. § 1956(h); and making false statements to federal agents, in violation of 18 U.S.C. § 1001(a)(2). The conspiracy involved the theft and resale of large recreational vehicles across the country—from, to, and through Alabama, Florida, Illinois, North Carolina, Michigan, Arizona, Nevada, and New Hampshire—by means of altering VINs and creating false titles and other false identification purporting to have been issued in Washington State, Tennessee, Mississippi, Virginia, and New Mexico. The indictment also included allegations requiring

Nunley to forfeit property derived from the proceeds of the scheme, including a money judgment of at least $512,000. Those monies had been laundered through bank accounts registered under assumed names in several states, including Pennsylvania, Illinois, Kentucky, and Mississippi.

Nunley pleaded guilty to the indictment without the benefit of a plea agreement. The probation officer who prepared Nunley's presentence report calculated an advisory guideline range of 235 to 293 months, based on a total offense level of 33 and a criminal history category of VI. The district court applied a two-level departure for substantial assistance to authorities, adjusting Nunley's guideline range to 188 to 235 months and sentenced Nunley at the bottom of the range to 188 months' incarceration.

On appeal, Nunley first challenges his sentence as procedurally unreasonable because the district court failed to address his argument that a criminal history category VI overrepresented the seriousness of his criminal record. Second, he contends that the district court considered improper factors in ruling on the government's motion for a departure based on substantial assistance to authorities. And, third, he insists that his sentence is substantively unreasonable because it is based on what the court perceived was Nunley's need to receive various rehabilitative services. We find no error in connection with these claims and affirm.

**Standard of Review**

"We review a district court's imposition of a sentence for reasonableness, using the deferential abuse-of-discretion standard." *United States v. Bazazpour*, 690 F.3d 796, 803 (6th Cir. 2012). Sentences must be both procedurally and substantively reasonable. *United States v. Kamper*, 748 F.3d 728, 739 (6th Cir.), *cert.denied*, 135 S. Ct. 882 (2014). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Review for substantive reasonableness "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* "[A] sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, based the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007) (internal quotation marks and citation omitted).

### Claim 1: Lack of Explanation for Failure to Depart Downward

In his sentencing memorandum, Nunley requested a downward departure below the relevant guidelines range based on his allegation that his assigned criminal history category VI substantially overrepresented the seriousness of his criminal record. His principal argument was that the majority of his prior convictions were part of a "spree" that was carried out with his step-father and involved "stealing and writing forged checks." Moreover, he contended, even though the "crimes occurred in different jurisdictions and resulted in the separate sentences imposed on different dates," he received "concurrent sentences" resulting in a single six-year term of imprisonment. However, the presentence report indicates that Nunley's "spree" lasted from June 1992 to February 1994, took place in Florida, Indiana, Louisiana, and seven different counties in Kentucky, and resulted in convictions on seven counts of burglary and some 30 counts of theft and possession of forged instruments. In addition, Nunley had been convicted of at least two other burglaries, three unrelated cases of grand theft, aggravated battery, and the fraudulent use of a credit card in Florida, Kentucky, and South Carolina. During a span of some 20 years prior to his arrest in this case, Nunley had utilized variations of six different aliases, as well as fake

dates of birth and social security numbers in the course of his criminal activities. What the record suggests is not a spree but a calculated method of operation by a professional criminal, reminiscent of the cross-country theft of motor homes that gave rise to his convictions in the instant case.

Nunley's claim that the presentence report overstated the seriousness of his criminal history simply has no merit on its face, which may be why his trial attorney did not elaborate on the issue at sentencing, instead focusing on two contested guidelines enhancements for obstruction of justice and use of sophisticated means in committing fraud and money-laundering. In his brief before this court, Nunley's appellate counsel does not fault the district court for failing to grant a downward departure, but for failing to explain *why* he did not grant a departure, relying on our decision in *United States v. Payton*, 754 F.3d 375 (6th Cir. 2014). There, we quoted the Supreme Court's opinion in *Rita v. United States*, 551 U.S. 338 (2007), for the proposition that "[w]here the defendant or prosecutor presents *nonfrivolous reasons* for imposing a different sentence, . . . the judge will normally go further and explain why he has rejected those arguments." *Id.* at 357 (emphasis added). Elaborating on the Supreme Court's suggestion, we said in *Payton*:

> As part of our obligation to ensure that the district court did not act arbitrarily in sentencing a defendant, we look to ensure that the sentencing judge considered all *reasonable arguments* in an impartial and sensible manner. "Sometimes the circumstances will call for a brief explanation[,] sometimes they will call for a lengthier explanation," but certainly some explanation.

649 F.3d at 378 (quoting *Rita*, 551 U.S. at 357) (emphasis added).

There are at least two problems with Nunley's failure-to-explain claim in this case. First, neither the basis for the claim nor its gist was presented to the district court at sentencing, and we normally decline to assign error when a court is not on notice that an error may be in the offing.

Sentencing judges are required "to listen[] to each argument," *Rita*, 551 U.S. at 358, not to "act arbitrarily in sentencing a defendant," *Payton*, 754 F.3d at 378, and to "consider[ ] all reasonable arguments in an impartial and sensible manner." *Id.* In Nunley's case, however, no argument was laid out. Instead, in the closing minutes of the sentencing hearing, defense counsel merely referred to his "motion for a downward departure" in the sentencing memorandum, without specifying the factual basis for the request. Had the circumstances that he thought were dispositive at least been presented and argued, the district court would have been in a position to address the request for a departure and explain why he would or would not grant it.

The second obstacle to success on this issue is the patent *un*reasonableness—indeed, the frivolousness—of the argument itself. In Nunley's brief on appeal, counsel contends that most of the points used to score his client's criminal history category resulted from "a single bad check cashing scheme."[1] But, that label more accurately describes the act of writing worthless checks on an otherwise valid bank account and completely misrepresents the seriousness of the multiple burglary and forgery convictions on Nunley's criminal record. As we have previously noted, "a district court need not respond to straightforward or frivolous arguments, particularly those that are legal—versus factual—in nature." *United States v. Judge*, 649 F.3d 453, 457-58 (6th Cir. 2011). Under the circumstances in this record, the district court's failure to explain reasons for not departing downward under these circumstances was not an abuse of discretion and simply cannot form the basis for reversal and resentencing.

**Claim 2: Inadequate Departure for Substantial Assistance**

Nunley next argues that his sentence is unreasonable because the district court considered improper factors in granting a two-level reduction for substantial assistance rather than the four

---

[1] Due to lack of appropriate punctuation, it is grammatically unclear whether counsel means a "*bad-check* cashing scheme" or a "bad *check-cashing* scheme." In either event, Nunley's two-year, four-state criminal operation clearly involved more than worthless checks, in the first case, or a hapless plan in the other.

levels that the government recommended. Specifically, Nunley claims that the decision was influenced by the district court's inappropriate anticipation of a future motion under Federal Rule of Criminal Procedure 35(b).

Because of Nunley's "truthful substantial assistance," the government requested a downward departure of four levels. *See* U.S.S.G. § 5K1.1 ("Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."). The district court declined to grant the motion in full and said, "I believe that a 5K1 two-level departure seems warranted under the nature of the heart of this matter," a determination that reduced the applicable sentencing range from 235-293 months to 188-235 months. After Nunley's attorney confirmed that the court intended to grant two levels rather than four, the court remarked, "Two is sufficient for this," referring to the extent of Nunley's assistance to government, and added, "I have a hunch that the matter is not over yet." Although there was no contemporaneous objection to the court's comment, Nunley now urges us to find that the district court erred in considering the possibility of a future Rule 35(b) motion when ruling on the § 5K1.1 motion.

U.S.S.G. § 5K1.1 authorizes reductions in a defendant's adjusted sentencing level based on *pre*-sentencing cooperation with law enforcement authorities. By contrast, Rule 35(b) allows the government to move for a reduction in sentence based on the defendant's *post*-sentencing cooperation if it occurs within a year after sentence is imposed. As have other circuits, we have emphasized the "temporal boundaries" between these two forms of mitigation and held that "[a] sentencing court is precluded from considering the prospect of Rule 35(b) relief in the future in its determination of whether to grant the government's motion under § 5K1.1." *United States v.*

*Recla*, 560 F.3d 539, 545 (6th Cir. 2009) (internal quotation marks and citation omitted). Here, however, the district court did not mention Rule 35(b) in finding that a two-level reduction was appropriate. The likely meaning of the court's use of the term "hunch" was simply an acknowledgement that the government might later seek a reduction in the sentence Nunley was serving if his future cooperation proved substantial. In any event, one ambiguous comment is not sufficient to demonstrate that the possibility of future cooperation altered or influenced the court's disposition of the 5K1.1 motion. *See United States v. Rosenbaum*, 585 F.3d 259, 265 (6th Cir. 2009) ("[A] district court's mere mention of possible future cooperation or the possibility of filing a Rule 35 motion alone will not invalidate the district court's ruling on a motion for a downward departure under § 5K1.1 at sentencing." (citation and internal quotation marks omitted)).

### Claim 3: Inappropriate Reliance on Nunley's Need for Medical Treatment

Finally, Nunley contends that his sentence is substantively unreasonable because it was based at least in part on the district courts perception of Nunley's need for medical and other rehabilitative treatment. Although the record indicates that the district court did comment on Nunley's need for treatment, the record also shows that the court did so in response to defense counsel's request that incarceration include "educational and vocational opportunities . . . , substance abuse counseling if needed, and then physical and mental health evaluations and treatment if necessary." The district court indicated that the 188-month sentence "balances not only the wrongfulness of this matter, but also the situation that Mr. Nunley finds himself in mentally, physically and other ways. . . . I frankly think that looking at the physical situation that Mr. Nunley's in that unless he receives rather aggressive medical treatment, Mr. Nunley, you're not going to be with us very long." The district court also put the sentence in an appropriate

context, adding that it constituted a "just punishment," given that Nunley had "no respect for law, none at all," and that "it also protects the public from further crimes."

Despite the fact that Nunley's own counsel initiated the discussion of which he now complains, Nunley claims that his sentence should be vacated and the case remanded for resentencing. In this regard, he points to *Tapia v. United States*, 131 S. Ct. 2382 (2011), in which the Supreme Court held that "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Id.* at 2393. But there is no evidence in the record to suggest that Nunley's sentence was calculated or extended to permit his completion of a treatment program. Moreover, as the Supreme Court also noted in *Tapia*, a sentencing court "commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a court properly may address a person who is about to begin a prison term about these important matters." *Id.* at 2392. That, clearly, is what occurred in this case, and it did not result in an abuse of the district court's discretion.

For the reasons set out above, we AFFIRM the judgment of the district court.