NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0252n.06

Case No. 22-5517

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 05, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MICHAEL DISHMAN, | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: MOORE, McKEAGUE, and MATHIS, Circuit Judges.

**McKEAGUE, Circuit Judge.** Michael Dishman pled guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 240 months' imprisonment. On appeal, Dishman challenges his below-Guidelines sentence as procedurally and substantively unreasonable. For the reasons set forth below, we affirm.

**I**

On August 11, 2021, a confidential source informed the Wayne County Sheriff's Office that Dishman had been selling large quantities of methamphetamine. Specifically, the confidential source advised the officers that she had visited Dishman's home on the previous day to purchase two ounces of methamphetamine for $600 per ounce. The Sheriff's Office executed a search warrant at Dishman's residence, which resulted in the seizure of more than 100 grams of methamphetamine.

On September 22, 2021, Dishman was indicted in the Eastern District of Kentucky for possession with intent to distribute 50 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1). On January 31, 2022, he pled guilty. Due to his prior felony drug convictions, Dishman was classified as a career offender. Dishman's Pre-Sentence Report ("PSR") calculated his Guidelines sentencing range as 262 to 327 months of imprisonment based on a total offense level of 34 and a criminal-history category of VI. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court varied downward slightly and sentenced Dishman to 240 months' imprisonment.

Dishman did not object to the length of his sentence at sentencing. He did, however, file a timely appeal arguing that his sentence is both procedurally and substantively unreasonable.

## II

### A. Procedural Reasonableness

A sentence is procedurally unreasonable "if the district court fails to calculate (or improperly calculates) the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Gates*, 48 F.4th 463, 473 (6th Cir. 2022) (internal alterations, citations, and quotations omitted).

Dishman contends that his sentence is procedurally unreasonable for two reasons. First, he argues that "it is unclear from the record whether the district court believed it was restricted from applying a more significant downward variance based on Mr. Dishman's status as a career offender." Appellant Br. at 7. And second, he claims that the district court failed to address his life-expectancy argument. Because Dishman failed to raise these procedural objections below, we

review his claims for plain error. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Under plain-error review, Dishman must show an "(1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights[,]' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

We begin with Dishman's first contention—that the district court believed it lacked discretion to apply a more significant downward variance given Dishman's status as a career offender—and find that the district court did not plainly err. Contrary to Dishman's suggestion, the district court clearly recognized that the Guidelines were advisory. Not only did the court impose a sentence below the Guidelines range, but the sentencing judge repeatedly acknowledged his discretion to deviate from that range irrespective of Dishman's status as a career offender. For example, the sentencing judge stated, "ultimately, I am not bound by the sentencing guidelines. They are only advisory. They are a recommendation to the Court." R. 42, PID 216. And later, he further clarified, "I can go away from the guidelines. I can go above the range or below the range or sentence within it, based on my consideration of the particulars in the case[.]" *Id.* Nothing in the record supports Dishman's contention that the court doubted its own authority to apply a more significant downward variance. To the contrary, the record shows that the sentencing court was aware of and understood its discretion to depart from the Guidelines.

Dishman's second procedural challenge—that the district court ignored his life-expectancy argument—is equally unavailing. At sentencing, Dishman argued, "This is my life. You give me 262 months, average person only lives 76 years, male. I won't live very long afterwards if I don't die while I'm in there." R. 42, PID 242. But contrary to Dishman's contention on appeal, the district court clearly understood that Dishman faced a lengthy sentence. When discussing the

potential penalties associated with Dishman's conviction, the sentencing judge noted, "So you could receive life in prison for this time. Now, I'm not going to do that, but that's the territory you are in with this kind of criminal conduct and this record." *Id.* at 245.

Regardless, Dishman's dissatisfaction with the extent to which the district court considered his life-expectancy argument is unpersuasive. The court was "not required to respond to every argument raised by the defendant." *United States v. Judge*, 649 F.3d 453, 457 (6th Cir. 2011). Rather, the sentencing judge merely needed to "set forth enough [explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008) (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). And here, the district court satisfied this requirement. The court properly calculated the Guidelines range, clearly recognized that the range was advisory, considered the § 3553(a) factors without considering any impermissible factors, made proper factual findings, gave due consideration to Dishman's arguments, and adequately explained its chosen sentence. *See Gates*, 48 F.4th at 473. Accordingly, we find that the district court did not plainly err and that Dishman's sentence is procedurally reasonable.

**B. Substantive Reasonableness**

We now consider whether Dishman's below-Guidelines sentence is substantively reasonable. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). In essence, a challenge to the substantive reasonableness of a sentence is "a complaint that the court placed too much weight on some of the

§ 3553(a) factors and too little on others in sentencing the individual." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). However, "[t]he district court's decision to assign more or less weight to a given factor is 'a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much.'" *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019) (quoting *Rayyan*, 885 F.3d at 442). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Furthermore, "[w]hen, as here, a defendant argues that his below-Guidelines sentence is substantively unreasonable, a presumption of reasonableness applies and the 'task of persuading us that the more lenient sentence [ ] is unreasonably long is even more demanding.'" *United States v. Hills*, 27 F.4th 1155, 1200 (6th Cir. 2022) (alteration in original) (quoting *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008)).

Unlike challenges for procedural unreasonableness, challenges for substantive unreasonableness need not be preserved for appeal. *United States v. Freeman*, 640 F.3d 180, 185–86 (6th Cir. 2011). We therefore review the substantive reasonableness of Dishman's sentence for an abuse of discretion. *Gall*, 552 U.S. at 51. To find an abuse of discretion, we must be "left with a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020) (quoting *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505 (6th Cir. 2013)).

Dishman argues that his sentence is substantively unreasonable because the district court failed to reference § 3553(a)'s "parsimony" idea and "gave an unreasonable amount of weight to the non-binding guidelines range at the expense of other mitigating factors." Appellant Br. at 16. For the following reasons, Dishman's arguments are without merit.

First, the district court repeatedly addressed § 3553(a)'s requirement that a sentence be "sufficient, but no greater than necessary." For example, the sentencing judge noted that it was his "responsibility and job . . . to impose a sentence that is sufficient, but no greater than necessary, to accomplish the purposes set forth in [§ 3553(a)]." R. 42, PID 220. Later, the sentencing judge repeated that he was required to impose a sentence that was "enough but no more than enough." *Id.* at PID 253. The court even expressly considered whether the Guidelines range for career offenders "fit[s] with the parsimony idea, that the sentence should be no more than enough to accomplish the purposes[,]" before concluding that "a sentence of 240 months is sufficient, but no greater than necessary." *Id.* at 254–55. The record plainly contradicts Dishman's allegation that the district court failed to consider § 3553(a)'s parsimony requirement.

We are similarly unpersuaded by Dishman's assertion that the sentencing court gave undue weight to his status as a career offender at the expense of other mitigating factors. Instead, we find that the court appropriately weighed each relevant sentencing factor. As to the seriousness of Dishman's offense, the court noted that Dishman had been convicted of a Class A felony with a statutory minimum sentence of ten years' imprisonment and the potential for a life sentence. Regarding Dishman's respect for the law, the court noted:

> [B]y and large, your entire adult life -- you have lived in a way that shows disrespect for the law, and that is a commitment of living within the law. You just haven't had it. And to the contrary, you have had a regular and repeated tendency to make choices outside the law, far outside the law, and I have got to . . . address it within the judgment.

R. 42, PID 246. The court then acknowledged that in order to impose just punishment there must be "a sharp consequence for" Dishman's "criminal thinking and criminal decision-making." *Id.* at 246–47.

The court also addressed deterrence, stating that Dishman's sentence "ought to make people think twice about going down this path." *Id.* at 247. As for protecting the public, the court noted that Dishman "pose[d] a significant risk to society," and that the only certain way to protect the public from that risk was imprisonment. *Id.* at 247–48. The district court also sought to provide any available and necessary treatment or educational opportunities to Dishman during his incarceration. And finally, the court considered the sentences available under the Guidelines, relevant policy statements, and the need to avoid unwarranted sentencing disparities.

Although Dishman's status as a career offender was undoubtedly a significant consideration at sentencing, the court appropriately balanced Dishman's past encounters with the criminal justice system against various mitigating considerations, such as his acceptance of responsibility and his long-term struggle with drug addiction. *See United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020). For example, the court acknowledged that Dishman was "a 28-year daily meth user," and that methamphetamine addiction "is a powerful voice," but it weighed this struggle with addiction against Dishman's otherwise "pretty dark and dismal record." R. 42, PID 252–53. Ultimately, the court concluded that each sentencing factor weighed in favor of a lengthy sentence, and that 240 months' imprisonment—a slight downward variance from the Guidelines range—was sufficient but no greater than necessary to accomplish the sentencing aims of § 3553(a).

On appeal, Dishman essentially asks that we reweigh the sentencing factors, but we have no license to do so. *See United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) ("Because [Dishman's] argument ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently, it is simply beyond the scope of our appellate

review[.]").  Because the district court's analysis evinces no abuse of discretion, we conclude that

Dishman's below-Guidelines sentence is substantively reasonable.

## III

For the foregoing reasons, we affirm the district court's sentence.