**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3149
_____

UNITED STATES OF AMERICA

v.

JOSE LUIS FLORES-MEJIA, a/k/a JOSE FLORES MEJIA,
a/k/a JOSE LUIS MEJIA, a/k/a MANUEL MENDEZ

Jose Luis Flores-Mejia,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-11-00712-01)
District Judge: Honorable Stewart Dalzell
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 10, 2013

Before: SLOVITER, FUENTES, and ROTH, *Circuit Judges*

(Opinion Filed: July 19, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Jose Luis Flores-Mejia was sentenced to 78 months' imprisonment following his

guilty plea to a single count of reentry after deportation. On appeal, he contends that his

1

sentence must be vacated because the District Court failed to sufficiently consider an argument he made in his sentencing memorandum and at the sentencing hearing: that his attempts at cooperation with the Government warranted a below-Guidelines sentence. The Government acknowledges that the District Court erroneously imposed the sentence without considering the cooperation argument. However, it contends that defense counsel's failure to object to this error at sentencing means that Flores-Mejia's claim is subject to, and fails upon, plain error review. The Government recognizes that we held in *United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008) that no additional objection is required under circumstances such as these, but urges us to overrule *Sevilla* or at the very least not follow it.

For the reasons that follow, we conclude that we are bound by *Sevilla* and that we are not permitted to revisit that case as a three-judge panel. Accordingly, we will vacate Flores-Mejia's sentence and remand for resentencing.

## I.

The facts relevant to this appeal are undisputed. Flores-Mejia, a native and citizen of Mexico, has an extensive criminal record and has been deported from the United States on numerous occasions. On April 10, 2012, he pled guilty in the District Court for the Eastern District of Pennsylvania to one count of reentry following deportation in violation of 8 U.S.C. § 1326(a). Based on a criminal history category of VI and an offense level of 21, which included a 16 level enhancement due to one of Flores-Mejia's prior crimes of violence, his Guidelines range was calculated as 77-96 months in prison.

In his sentencing memorandum, Flores-Mejia raised several grounds for downward departures and variances. Relevant here, he argued for a below-Guidelines sentence based on two meetings with Government agents, during which he purported to provide "detailed information regarding a homicide and a prostitution ring" in Newark, New Jersey. App. 58-59. The memorandum also explained, however, that the Government determined that the homicide in question had been solved and that Flores-Mejia's information regarding that crime was contradicted by other evidence, and that the Government decided to not pursue the information regarding the prostitution operation.

Flores-Mejia was sentenced in July of 2012. At the hearing, the District Court first gave meaningful consideration to a number of Flores-Mejia's arguments for a lower sentence that are not relevant here. The Court ultimately denied those requests. Subsequently, the parties addressed Flores-Mejia's argument that his two separate efforts at cooperation regarding criminal activity in Newark warranted a lower sentence. Both the Government and defense counsel offered lengthy proffers regarding Flores-Mejia's attempts to provide the Government with information, consistent with the allegations in the sentencing memo. Defense counsel then urged the Court to "consider [Flores-Mejia's] actions in proffering [to the Government] even though they did not rise to the level of a [motion for a downward departure under U.S.S.G. § 5K1.1] in this case." App. 102-03. Following defense counsel's colloquy, the Court stated: "Ok thanks, anything else?" App. 103. The District Court proceeded to sentence Flores-Mejia to 78 months' imprisonment.

3

The District Court did not in any way address or mention Flores-Mejia's request for a below-Guidelines sentence based on his attempts at cooperation other than that bare acknowledgment, and neither defense counsel nor the Government brought this failure to the District Court's attention, via an objection or otherwise. This appeal followed.

## II.

### A. Standard of Review

Flores-Mejia's sole contention on appeal is that his sentence is procedurally unreasonable because the District Court failed to sufficiently consider the argument that his attempts at cooperation warranted a lower sentence. Under the familiar sentencing framework outlined in *United States v. Gunter*, a district court must at the third and final step of the sentencing process consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 462 F.3d 237, 247 (3d Cir. 2006). To satisfy this step, a district court must "acknowledge and respond" to "any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012). Failure to give "meaningful consideration" to any such factor renders a sentence procedurally unreasonable and generally requires remand for resentencing. *Id*.

The Government contends, however, that Flores-Mejia's claim is subject to plain error review because his counsel did not object when the District Court failed to address Flores-Mejia's argument regarding his attempts at cooperation.[1] The Government argues

---

[1] The Government does not dispute that Flores-Mejia's argument was properly presented to the District Court or that it had a factual basis. Nor could the Government persuasively argue that the request lacked "colorable legal merit," given that other courts have held that a defendant's attempts at cooperation are properly considered under 18

4

that Flores-Mejia loses under plain error review because his argument regarding cooperation was "clearly meritless, bordering on frivolous," and he therefore cannot establish "that the result of the proceeding would have been different had the court said more about his meritless variance claim," Gov't Br. at 43, 49-50, as is required to prevail under plan error review. Flores-Mejia counters that our review is limited to whether the District Court gave "meaningful consideration" to his asserted grounds for a lower sentence, as per *United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008).

As the Government acknowledges, in *Sevilla* the defendant raised two grounds for a downward variance on two separate occasions—once in his sentencing memorandum and once at the sentencing hearing—but both grounds went unmentioned by the District Court in imposing sentence, other than to say it had "considered all of the § 3553(a) factors." *Sevilla*, 541 F.3d at 232. Aside from raising the pleas for a lower sentence on two occasions, Sevilla's counsel did not lodge an objection when the District Court failed to address those arguments. We squarely held that under those circumstances, "the District Court's failure to address those issues did not require Sevilla to *re*-raise them to avert plain error review of these omissions," and that such claims were instead subject to "meaningful consideration" review. *Id.* at 231. So too here. Flores-Mejia raised his attempts at cooperation both in his sentencing memorandum and at the sentencing hearing, but that argument went unmentioned by the District Court. *Sevilla* squarely

U.S.C. § 3553(a). *See, e.g.*, *United States v. Petrus*, 588 F.3d 347, 356 (6th Cir. 2009); *United States v. Fernandez*, 443 F.3d 19, 33-34 (2d Cir. 2006).

precludes us from applying plain error review to Flores-Mejia's claims even though his counsel did not lodge an additional objection to the sentence.

The Government candidly concedes that *Sevilla* "supports Flores-Mejia's assertion that the issue was . . . preserved," Gov't Br. at 23, but contends that *Sevilla* is "anomalous," *id.* at 27, and that its holding "cannot be sustained," *id.* at 36. The bases for the Government's arguments in this respect are as follows. First, the Government contends that the rule set forth in *Sevilla* is premised on an erroneous reading of our *en banc* holding in *United States v. Grier*, where we stated that "an objection to the reasonableness of the final sentence will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a)." 475 F.3d 556, 571 n.11 (3d Cir. 2007). According to the Government, this statement was *dicta* because the *en banc* Court in *Grier* "had no occasion to consider what standard of review should apply in a case such as this." Gov't Br. at 25-26. Second, the Government argues that *Sevilla* "conflicts with later decisions of this Court" such as *United States v. Russell*, 564 F.3d 200, 203 (3d Cir. 2009) and *United States v. Vazquez-Lebron*, 582 F.3d 443, 445 (3d Cir. 2009), where we applied plain error review to claims that were not brought to a sentencing court's attention. Third, the Government contends that "virtually [all other Circuits are] unanimous in applying plain error review where a defendant fails to object at sentencing to the procedural reasonableness of the sentence," and that *Sevilla* therefore conflicts with other Circuit authority. Gov't Br. at 28-29. Fourth, the Government notes that we should revisit *Sevilla* because this issue is an "important, frequently recurring one." *Id.* at 23.

6

The Government also suggests that a rule requiring defendants to lodge additional objections saves time and effort in that it allows "any ambiguity [at sentencing to] . . . be instantly corrected" and is therefore better than the rule announced in *Sevilla*. *Id.* 39-41.

But none of these arguments provide a basis for a three-judge panel of this Court to revisit a binding decision that controls the outcome of a case. "Under our Internal Operating Procedures, a panel of this Court cannot overrule an earlier binding panel decision; only the entire court sitting en banc can do so." *Chester ex rel. N.L.R.B. v. Grane Healthcare Co.*, 666 F.3d 87, 94 (3d Cir. 2011) (citing Third Circuit I.O.P. 9.1). Alternatively, intervening Supreme Court precedent or amendments to statutes permit us to revisit a binding panel decision without invoking our *en banc* procedures. *See id.*; *see also Reich v. D.M. Sabia Co.*, 90 F.3d 854, 858 (3d Cir. 1996). The Government's arguments regarding *Sevilla*, however, are at most arguments for why our Court should reconsider *Sevilla* en banc. *See, e.g.*, Third Circuit I.O.P. 9.3.1 (listing the necessity to "maintain uniformity of [the Court's] decisions" and the involvement of "question[s] of exceptional importance" as criteria used to determine whether to hear a case *en banc*).[2]

---

[2]    We note that the Government's contention that *Sevilla* is inconsistent with subsequent cases such as *Russell* and *Vazquez-Lebron* is incorrect. Both *Russell* and *Vazquez-Lebron* involved our consideration of arguments that the defendant did not *at any point* raise to the sentencing court. *See Russell*, 564 F.3d at 206; *Vazquez-Lebron*, 582 F.3d at 446-47. Thus, by definition, neither case dealt with the question of whether an additional objection is required when the District Court fails to entirely address an argument that *was* brought to its attention. Moreover, as Flores-Mejia correctly notes, other post-*Sevilla* decisions have hewed to the rule announced in *Sevilla*. *See, e.g.*, *Begin*, 696 F.3d at 414. In addition, at least one other Circuit has stated that it "see[s] no benefit in requiring the defendant to protest further" under these circumstances, and has worried that such a "requirement could degenerate into a never-ending stream of objections after each sentencing explanation." *United States v. Lynn*, 592 F.3d 572, 578-

7

The Government does invoke subsequent Supreme Court authority as a basis to revisit *Sevilla*, but we find that attempt unavailing. Specifically, the Government contends that *Sevilla* has been undermined by the Supreme Court's decision in *Puckett v. United States*, 556 U.S. 129 (2009). *See* Gov't Br. at 33-35. But, like *Russell* and *Vazquez-Lebron*, *see supra* n.2, *Puckett* deals with a situation in which the defendant raised an argument for the first time on appeal. It was therefore undisputed that the argument was not preserved at all, and the issue was not whether additional objections were required. Thus, *Puckett* does not provide a sufficient basis for a three-judge panel to revisit the binding holding of *Sevilla*.[3]

B. **Whether The District Court Meaningfully Considered Flores-Mejia's Arguments Regarding a Lower Sentence**

Having determined that the *Sevilla* standard of review governs this case, we consider whether the District Court meaningfully considered Flores-Mejia's argument for a lower sentence based on his attempts at cooperation. In *Sevilla*, we concluded that the

---

79 n.3 (4th Cir. 2010). This is consistent with the standard set forth in Rule 51(b) for preserving a claim of error, "by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take." Fed. R. Crim. P. 51(b). Despite these reservations, we do not express a definitive view as to the desirability of the rule announced in *Sevilla*, let alone of the desirability of revisiting that case *en banc*. Suffice it to say that the Government has offered no persuasive counter to our conclusion that *Sevilla* dictates the outcome we reach in this case.

[3] We acknowledge that the Supreme Court in *Puckett* stated a preference for requiring preservation of errors to "give[] the district court the opportunity to consider and resolve them." *Puckett*, 556 U.S. at 134. But preservation was arguably satisfied here given that the defendant *did raise* (twice) the argument he now raises on appeal. At most, the Government has shown that both the Supreme Court and our Court have, in connection with other sentencing fact patterns, favored appellate review rules that are different from the rule set forth in *Sevilla*. These arguments will be properly considered if and when the occasion arises to revisit *Sevilla*.

8

sentencing court's statement that it had "considered all the § 3553(a) factors" was not sufficient to show the required meaningful consideration. This is an *a fortiori* case under *Sevilla*. Here, the District Court's statement ("OK thanks, anything else?") constitutes a bare acknowledgement of Flores-Mejia's argument. Unlike the statement we deemed insufficient in *Sevilla*, the court's acknowledgement here does not even imply consideration of the argument, let alone a response to it. *See Begin*, 696 F.3d at 411.

Once again, the Government candidly admits that *Sevilla* "arguably supports Flores-Mejia's position" that the claim was not sufficiently addressed, but "again respectfully suggest[s] that *Sevilla* is not binding authority, as it overlooked and conflicted with controlling Supreme Court precedent in *Rita v. United States*, 551 U.S. 338 (2007)." Gov't Br. at 44-45. In *Rita*, however, the District Court had "asked questions about each [sentencing] factor" raised by defense counsel as a basis for a lower sentence, and had summarized each argument. *Rita*, 551 U.S. at 344-45, 358. Thus, while the Court in *Rita* did say that a "lengthy explanation" was not required regarding all relevant § 3553(a) factors, the District Court's interaction with all of the arguments raised by defense counsel in that case stand in stark contrast to the District Court's bare-bones acknowledgment of Flores-Mejia's arguments in this case. It cannot be said that, as a matter of law, *Sevilla* is inconsistent with the Supreme Court's prior holding in *Rita*.[4]

---

[4] The Government also suggests that "there was no error at all" because Flores-Mejia's "request for a variance based on attempted cooperation . . . was clearly meritless, bordering on frivolous." Gov't Br. at 43. But, as noted, *Sevilla* only requires that the claim has "colorable" legal merit in order to require remand if the District Court fails to consider it, and we are unable to conclude that a request for a variance based on attempts

9

## III.

For the foregoing reasons, we will remand for resentencing.

---

at cooperation, which the Government acknowledged, is completely devoid of legal merit so as to be considered frivolous. *See also supra* n.1.

*United States of America v. Jose Flores-Mejia*

No. 12-3149

_____

ROTH, <u>Circuit Judge</u>, dissenting:

I respectfully dissent because I believe that we should not remand for resentencing where the need for resentencing could easily have been avoided by requiring Flores-Mejia to have contemporaneously objected to the District Court's explanation of his sentence.

The majority concludes that we must vacate and remand for resentencing because the District Court did not meaningfully consider Flores-Mejia's argument that his attempts at cooperation warranted a lower sentence. The majority holds that we are precluded from applying plain error review to Flores-Mejia's claim even though, when sentence was imposed, Flores-Mejia did not object to the District Court's failure to consider his argument. The majority insists that this is so because under our precedent in *United States v. Sevilla*, a defendant need not "*re*-raise [issues] to avert plain error review." 541 F.3d 226, 231 (3d Cir. 2008). I submit that, in the interests of justice and of judicial economy, our holding in *Sevilla* should be revisited. In any event, I submit that the District Court's judgment of sentence here should be affirmed.

I.

In *Sevilla*, we directly addressed the question of whether a defendant, who raises an argument during the

1

sentencing proceedings, must object when the District Court fails to address the argument at the time sentence is imposed. 541 F.3d at 228. We answered in the negative, citing to our *en banc* opinion in *United States v. Grier*, 475 F.3d 556, 571 n.11 (3d Cir. 2007), where we had noted that "an objection to the reasonableness of the final sentence will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a)." 541 F.3d at 231. Beyond the reliance on *Grier*, the *Sevilla* opinion offered no further justification for its holding.

For several reasons, the holding in *Sevilla* is flawed. First, as the government asserts, the cited portion of *Grier* is *dictum* and thus not binding on our Court. In *Grier*, we addressed the substantive reasonableness of the District Court's sentence, not the issue presented in *Sevilla* and in the instant case, namely what standard of review applies where the defendant challenges whether the District Court adequately addressed an argument presented at sentencing. Because the *Sevilla* opinion contains scant justification for its holding beyond its reliance on *Grier*, there is good reason to revisit it.

Furthermore, the rule articulated in *Sevilla* conflicts with precedent in most other circuits, which apply plain error review where the defendant did not object at sentencing to the District Court's explanation of the sentence. *See, e.g., United States v. Davila-Gonzalez*, 595 F.3d 42, 47-48 (1st Cir. 2010); *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 & n.2 (5th Cir. 2009); *United States v. Judge*, 649 F.3d 453, 457-58 (6th Cir. 2011); *United States v. Anderson*, 604 F.3d

2

997, 1003 (7th Cir. 2010); *United States v. Rice*, 699 F.3d 1043, 1049 (8th Cir. 2012); *United States v. Rangel*, 697 F.3d 795, 805 (9th Cir. 2012); *United States v. Romero*, 491 F.3d 1173, 1177-78 (10th Cir. 2007); *United States v. Wilson*, 605 F.3d 985, 1033-34 (D.C. Cir. 2010).[1]  As the majority

---

[1] Only the Fourth Circuit has affirmatively adopted the same approach as *Sevilla*.  *See United States v. Lynn*, 592 F.3d 572 (4th Cir. 2010).  In *Sevilla*, we suggested that the Seventh, Eighth and Eleventh Circuits disagreed with the plain error review approach adopted by the majority of circuits.  This is not accurate.  The cases from these circuits cited in *Sevilla* did not address the same question at issue in *Sevilla*, *i.e.*, whether a defendant must object to the district court's explanation of the sentence to preserve the issue for appeal. *See United States v. Dale*, 498 F.3d 604, 610 n.5, 611-12 (7th Cir. 2007) (whether defendant must object to substantive reasonableness of sentence to preserve issue for appeal); *United States v. Swehla*, 442 F.3d 1143, 1145 (8th Cir. 2006) (whether defendant must object to substantive reasonableness of sentence to preserve issue for appeal); *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (whether a court's failure to comply with 18 U.S.C. § 3553(c)(1) is reviewed for plain error).  In fact, the Seventh Circuit has adopted plain error review in circumstances similar to those in *Sevilla*.  *See, e.g., United States v. Anderson*, 604 F.3d 997, 1003 (7th Cir. 2010) (reviewing for plain error defendant's claim that the district court failed to properly consider the 18 U.S.C. § 3553(a) factors in sentencing him to supervised release where defendant did not object at sentencing); *United States v. Corona-Gonzalez*, 628 F.3d 336, 340 (7th Cir. 2010) (reviewing for plain error, where defendant failed to object at sentencing, defendant's claim that the district court relied on

3

recognizes, even the Supreme Court has indicated a preference for requiring the defendant to object in order to preserve issues for appeal. *See Puckett v. United States*, 556 U.S. 129, 134 (2009) ("This limitation on appellate-court authority serves to induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them.").

Finally, there are convincing reasons why plain error review in these circumstances would aid the administration of justice. Requiring a defendant to contemporaneously object to an error in sentencing facilitates the quick resolution of

incorrect facts at sentencing); *but cf. United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009) (finding defendant preserved his appellate options even though he did not object at sentencing because he argued for a lower sentence and under Federal Rule of Criminal Procedure 51(b) "[e]xceptions to rulings or orders of the court are unnecessary." (quoting Fed. R. Crim. P. 51(b))). The Eighth Circuit has also applied plain error review where the defendant did not object to the District Court's explanation of the sentence. *See United States v. Rice*, 699 F.3d 1043, 1049 (8th Cir. 2012) (reviewing for plain error where the defendant did not object to the district court's explanation of the sentence at sentencing but argued on appeal that the district court failed to adequately explain its reasons for denying a downward departure or variance). And the Eleventh Circuit, although it has not addressed this issue in a precedential decision, has applied plain error review to claims of procedural unreasonableness in non-precedential opinions, *see, e.g., United States v. Girard*, 440 F. App'x 894, 901 & n.6 (11th Cir. 2011).

4

such errors. As the Supreme Court observed, "errors are a constant in the trial process," and when a defendant contemporaneously objects, the district court "can often correct or avoid the mistake so that it cannot possibly affect the ultimate outcome." *Puckett*, 556 U.S. at 134 (internal quotation marks and citation omitted). Plain error review in circumstances like these advances the public interest because "[r]equiring the error to be preserved by an objection creates incentives for the parties to help the district court meet its obligations to the public and the parties." *Villafuerte*, 502 F.3d at 211. By encouraging defendants to make objections before the court most equipped to resolve the errors efficiently and effectively, a rule applying plain error review in cases like these arguably promotes better sentencing practices.

The Fourth Circuit, the only other circuit to affirmatively adopt the same rule as *Sevilla*, commented that "[r]equiring a party to lodge an explicit objection after the district court explanation would saddle busy district courts with the burden of sitting through an objection-probably formulaic-in every criminal case." *Lynn*, 592 F.3d at 578 (internal quotation marks and citation omitted). I do not agree. Sentencing is a complex process, and a district court judge at sentencing must meet numerous requirements. Objections, even if time-consuming at the time of sentencing, serve the important purpose of reminding the judge of these requirements and allowing the judge to immediately remedy omissions and clarify inadequate explanations. The rule adopted in *Sevilla* (and *Lynn*) arguably imposes a greater burden on busy district courts by depriving them of contemporaneous notice of errors and of the opportunity to correct those errors. *Cf. Judge*, 649 F.3d at 458

5

("[P]resenting the district court with substantive arguments is not the same as making an objection to the district court's explanation of its consideration of those arguments."). The time and resources required to correct errors through a lengthy appeal and resentencing pale in comparison to the burden of sitting through objections.[2] As such, the *Sevilla* rule results in a great waste of judicial resources. Our strong interest in judicial economy, heightened in these times of fiscal restraint and judicial budgetary concerns, argues in favor of a rule applying plain error review.

For the foregoing reasons, I believe that *Sevilla* is poor precedent and should be revisited.

## II.

Moreover, even under *Sevilla*, I believe that in this case we should affirm the District Court's sentence. The majority holds that the District Court did not meaningfully consider Flores-Mejia's argument, reasoning that this is an "*a fortiori* case under *Sevilla*." (Majority Op. at 8). In *Sevilla*,

---

[2] Resentencing imposes a significant burden on district courts: not only do district courts have to find time in their busy dockets to revisit errors that could have been resolved with a contemporaneous objection at the original sentencing but they also have the burden of reassembling the parties involved, the prisoner/defendant, the attorneys, witnesses, and law enforcement authorities. Moreover, new arguments may have arisen which that will now require consideration at resentencing. *See Pepper v. United States*, 131 S. Ct. 1229 (2011) (holding that at resentencing a district court may consider post-sentencing rehabilitation).

6

we noted that "[a]lthough the [District] Court considered Sevilla's role in the crime compared to that of his co-conspirators, it did not address Sevilla's colorable arguments relating to his childhood and the crack/powder disparity other than to say that it had 'considered all of the [§] 3553(a) factors.'" 541 F.3d at 232. On that basis, we held that the district court did not meaningfully consider the childhood and crack/powder disparity arguments. *Id*.

The instant case is distinguishable from *Sevilla*.[3] Here, the District Court specifically responded to the argument at issue on appeal. After Flores-Mejia's counsel concluded her argument regarding Flores-Mejia's attempts at cooperation, the District Court stated "OK thanks, anything else?" In view of the obvious discussion before the District Court of Flores-Mejia's argument and the District Court's comment in response, I believe we can conclude that the District Court gave meaningful consideration to the argument. The Supreme Court has held, "[w]here . . . the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Rita v. United States*, 551 U.S. 338, 359 (2007). Because I believe that the record makes clear that the District Court gave meaningful consideration to Flores-Mejia's argument for a lower sentence based on his attempts at cooperation, I believe the District Court's sentence should be affirmed.

---

[3] The government argues that *Sevilla* overlooked and conflicted with controlling Supreme Court precedent in *Rita v. United States*, 551 U.S. 338 (2007). I do not adopt that argument here but rather assert only that this case is distinguishable from *Sevilla.*

### III.

For the foregoing reasons, *Sevilla* should be revisited. Even if it is not, however, the District Court's judgment of sentence here should be affirmed.